STATE *v.* S. S. NICHOLS ; Same *v.* WILLIAM H. FLETCHER ; Same *v.* L. F. SHONYO.

### Costs.

1. Costs cannot be taxed against a respondent for witnesses summoned against him before the twenty-four hours allowed him by statute to plead have expired.
2. R. L. s. 1641, time allowed respondents to plead, construed.

A question of costs passed up from Caledonia County.

*Henry C. Bates,* for the State.

*George W. Cahoon,* for the respondents.

The opinion of the court was delivered by

REDFIELD, J. The respondents were arrested upon the several warrants issued on the information of the state's attorney. Subpœnas were issued and witnesses against the several respondents summoned contemporaneously with the warrants. The respondents called for specification of charges, and twenty-four hours were demanded in which to plead as allowed by the statute. The respondents then severally pleaded guilty to a specified number of offences (of liquor selling), which pleas were accepted by the state's attorney, and no trial had. The court allowed the attendance of the witnesses on the first day before the respondents by the rules of law could be required to plead.

Although the Bill of Rights (Article 10) has more special reference to " high crimes," and does not in all its provisions apply to those minor offences regulated by the Legislature in the exercise of its " police power," yet, as was said by REDFIELD, Ch. J., in *State* v. *Conlin,* 27 Vt. 323, " the accused is always entitled to a specification and time to prepare his defence " ; and the statute provides that " no person shall be compelled to plead . . . until he shall have been furnished a copy at least twenty-four hours." No issue could be joined for the present, unless the respondents elected to waive their legal rights,

which is not to be presumed; and, *non constat*, that any issue *of fact* would ever be joined, if the respondents should elect to contest the charges in the several informations.    If the respondents had promptly *demurred* to the informations the first moment they could be required to plead, and had been cast in that *issue*, would they be required to pay a horde of witnesses in attendance upon the court days before the accused could be required to plead? We think it would be without reason or justice.    And for the same reason when the respondent is first called to answer the charges, if he concedes upon the record that it is true, or true to such extent that the prosecuting attorney elects to go no further, then no cost of witnesses has accrued in the trial of the cause, and none can properly and *legally* be taxed against the accused. It is said in argument that offenders resort to such measures to evade the law that a prosecuting officer can make no convictions unless " they *first catch* their witnesses and then implead *a respondent.*"    There are, doubtless, desperate methods resorted to, to violate the statute and evade its penalties;    but still, those accused of crime must be deemed legally innocent until they are *proved* guilty; and neither penalties nor costs of trial accrue against them, until, according to the forms of law they have been impleaded, and an *issue*, either of law or fact, joined in the cause. If a party summoned witnesses in a civil cause which stood on demurrer, or which by the rules of law could not be tried at that term, or until pleadings had been filed making up an *issue*, the cost of such witnesses could not properly be taxed.    And in all criminal proceedings the respondent has a right to know whereof he is accused by a definite statement, and then *time* to prepare and make his defence;    and if a petty penalty is exacted, if cost of numberless witnesses may be incurred before the accused knows whereof he is accused, then a respondent has no way of escape from multiplied penalties in the form of costs, though he confesses the wrong and pays the penalty at the first moment it is exacted. We think the law is not thus defective, if properly administered.

Judgments in the several cases reversed, and the respective sums of $5.00, $9.00 and $12.00 deducted as specified in the exceptions, and the several judgments affirmed in other respects.